# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TERRY W. HAMILTON                                    PLAINTIFF

v.                    No. 5:16-cv-356-DPM

CORE-MARK INTERNATIONAL, INC.                        DEFENDANT

## ORDER

1. To help the Court discern which material facts are undisputed, and which are genuinely disputed, the Court needs an amended and substituted Local Rule 56.1 responding statement from Hamilton. Please see the Amended Final Scheduling Order, № 22 *at 3*.

Specific record citations are essential. It is not enough to say a fact is disputed; Hamilton must establish any dispute by pointing to a specific part of the record to meet Core-Mark's statements and record citations. Attach any cited deposition or material not already filed with the Court. Hamilton should also steer clear of *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir. 1983) issues. And the responding statement is not the place for argument.

Appended to this Order is an excerpt from a responding statement in another case illustrating the proper format, which brings together both sides of the case in one place. To expedite Hamilton's work, the Court directs Core-Mark to send Hamilton № 27-2 in Word

or WordPerfect by 18 May 2018 so he can insert his responding material, rather than starting from scratch.

Amended and substituted statement due from Hamilton by 4 June 2018. Core-Mark may file a second reply brief within fourteen calendar days after Hamilton files his new responding statement.

2. Core-Mark's motion to strike, № 37, is denied. Hamilton's new responding statement will moot most of the issues. The Court declines to strike Mrs. Hamilton's affidavit. Notwithstanding her late appearance as a witness, it is hardly surprising that a spouse would offer testimony about mail to the family home.

3. Core-Mark's motion to continue, № 39, is granted for good cause. The Amended Scheduling Order, № 22, is suspended. After the summary judgment papers are cleaned up, the Court will rule on the motion. Thereafter, the trial, and the pre-trial deadlines, will be reset if need be.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 May 2018

58. As part of the autopsy, toxicological testing was performed by Dr. Stephen Erickson. (*Dr. Erickson Affidavit*).

**RESPONSE: Undisputed.**

59. Dr. Erickson found "the objective evidence in this case does not support any intoxication on the part of Iketha D. Winchester." (*Dr. Erickson Affidavit*).

**RESPONSE: Undisputed.**

60. Dr. Erickson's results are confirmed by Defense Expert Toxicologist, Dr. William Sawyer. (*Sawyer Report,* p. 13).

**RESPONSE: Undisputed.**

61. Plaintiffs have not produced an expert to refute Dr. Erickson's or Dr. Sawyer's findings. (*Cole Dep.*, 251:16-21; *Atkinson Dep.*, 121:14-20).

**RESPONSE: Disputed. Dr. Judy Melinek has provided rebuttal opinions with regard to Dr. Sawyer's opinion that Ms. Winchester was "not under the influence of any prescription at the time of her accident that may have adversely affected her driving" based on prescribed insulin. (*Report of Judy Melinek, M.D.*, p. 4, Exhibit #22)**

62. Plaintiffs' experts will not opine to a reasonable degree of certainty that Ms. Winchester was (1) under the influence of a foreign substance at the time of the accident; or (2) that such influence was the cause of the accident. (*Cole Dep.*, 251:16-2.; *Atkinson Dep.*, 121:14-20).

**RESPONSE: Disputed. Dr. Judy Melinek has provided rebuttal opinions with regard to Dr. Sawyer's opinion that Ms. Winchester was "not under the influence of any prescription at the time of her accident that may have adversely affected her driving" based on prescribed insulin. (*Report of Judy Melinek, M.D.*, p. 4)**

18