# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TERRY W. HAMILTON                                         PLAINTIFF

v.                    No. 5:16-cv-356-DPM

CORE-MARK INTERNATIONAL, INC.                             DEFENDANT

## ORDER

Hamilton has not responded to Core-Mark's motion *in limine*. His time to do so has passed. The Court makes the following rulings. Where the denial is without prejudice or directions, the Court is declining to rule prematurely on an abstract question that may not arise.

- **Legal theories not pleaded**

Denied without prejudice.

- **Dismissed claims and evidence related to those claims**

Granted on dismissed claims themselves, but otherwise denied without prejudice and with directions. Evidence that is relevant to both a dismissed and a non-dismissed claim can be admitted for the purpose of proving the non-dismissed claim. Hamilton must tread carefully here, though.

- **Hearsay evidence, including the use of racial slurs**

Partly granted; partly denied. All hearsay is excluded. All racial slurs by employees without hiring authority are excluded. But racial slurs

by Core-Mark folks with hiring authority in areas where Hamilton worked or sought promotion are admissible.

- **Evidence of sex-based discrimination relating to other former employees**

Granted.

- **Wayne Brown**

Partly granted; partly denied. No "me too" testimony. Brown may testify only on the issues and areas identified by Hamilton in his deposition. The limits specified in the Court's summary judgment Order, № 52 at 2, apply.

- **Unidentified witnesses**

Denied without prejudice.

- **Probable testimony of witness not on the stand**

Denied without prejudice. But the Court discourages boot-strapping by either side.

- **Statements about Core-Mark not calling a witness**

Denied without prejudice.

- **References to Plaintiff as "victim"**

Denied.

- **Witnesses' belief about other witnesses' knowledge**

Granted.

- **Asking witnesses to speculate on whether behavior was race discrimination or retaliation**

Denied without prejudice. The Court will give a limiting instruction, if requested and needed.

- **Evidence that unidentified persons were discriminated against and were too afraid to make claims**

Denied without prejudice.

- **Suggesting or accusing Core-Mark of hiding or withholding discovery**

Granted.

- **Use of Core-Mark's initial or pretrial disclosures at trial**

Denied without prejudice and with directions. Hamilton's lawyer must get preclearance from the Court before using Core-Mark's disclosures in front of the jury.

- **Suggesting or alleging that Core-Mark, its employees, or its counsel are racist or prejudiced**

Partly granted; partly denied. The deposition exchange is excluded. So is using any of these labels about Core-Mark's lawyers. But Hamilton can argue the proof about what Core-Mark employees allegedly said and did. *E.g., № 52 at 3.*

- **References to prior lawsuits against Core-Mark or Forrest City Grocery**

Granted.

- **Medical damages testimony**

Denied without prejudice.

- **Statements about the financial condition of parties**

Denied without prejudice and with directions. Hamilton must hold proof about Core-Mark's financial information until the end of his case. At that point, the Court will decide whether there is a jury question on punitives. If there is, then the financial information will be admissible.

- **References to settlement discussions**

Granted.

- **Argument about justice and right to recovery**

Denied.

- **Mention of Core-Mark's motion for summary judgment and motion *in limine* or the Court's rulings**

Granted.

- **Request for pre-offer evidentiary rulings**

Denied, except as specified.

\* \* \*

Unopposed motion, № 61, partly granted, partly denied, partly denied without prejudice to a contemporaneous objection at trial, and with directions.

So Ordered.

*DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 October 2019